FILED

2017 Mar-24  PM 04:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **MACK CROOK, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **V.** | ) | **CIVIL ACTION NO:** |
| | ) | |
| **WAFFLE HOUSE, INC., et al.,** | ) | **CV** _____ |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## NOTICE OF REMOVAL

**COMES NOW** Defendant Waffle House, Inc. ("WHI" or "Defendant") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes the above-styled case from the Circuit Court of Calhoun County, Alabama where it is now pending as Civil Action Number CV-2017-900125.00, to the United States District Court for the Northern District of Alabama, Eastern Division. In support of this Notice of Removal, Defendant asserts and avers as follows:

## I.  FACTUAL ALLEGATIONS SUPPORTING REMOVAL

1.    Plaintiff Mack Crook, Jr., ("Plaintiff") commenced this action on March 6, 2017, by filing a Complaint in the Circuit Court of Calhoun County, Alabama ("Complaint"). A copy of the Complaint is included as part of Exhibit A.

2.    Defendant WHI, was served with the Complaint on March 14, 2017, via certified mail.  See Exhibit A.

3.     The Complaint alleges claims of negligence and trespass. In particular, Plaintiff alleges that his real property, which is adjacent to WHI's restaurant located at 1530 Quintard Avenue, Anniston, Alabama 36201, was damaged when grease and sewage seeped onto Plaintiff's property from WHI's property. <u>See</u> Exhibit A, Complaint, at ¶¶ 6-10.

4.     Plaintiff seeks compensatory damages against WHI in the specific amount of $200,000.00 for the repair and diminution of value of Plaintiff's real property. <u>See</u> Exhibit A, Complaint, unnumbered paragraphs following ¶ 16 and ¶ 22.     Plaintiff further seeks damages against WHI in the specific amount of $300,000.00 for alleged emotional distress and mental anguish. <u>Id</u>. Last, Plaintiff seeks punitive damages against WHI in the specific amount of $300,000.00. <u>Id</u>.

5.     Plaintiff is a resident citizen of Calhoun County, Alabama. <u>See</u> Exhibit B, Calhoun County, Alabama Tax Assessment Report (reflecting Plaintiff's home address of 148 Tiffany Trace, Anniston, Alabama 36206). For purposes of diversity jurisdiction, Plaintiff is a citizen of the State of Alabama.

6.     WHI is a Georgia corporation existing under the laws of the State of Georgia with its principal place of business in Norcross, Georgia. <u>See</u> Exhibit C, Affidavit of Gregory J. Newman of WHI. Therefore, WHI is a citizen of the State of Georgia for purposes of diversity jurisdiction.

## II.   <u>FEDERAL SUBJECT MATTER JURISDICTION EXISTS</u>

7.     In order for a removal to be timely pursuant to 28 U.S.C. § 1446(b)(1),

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

This notice of removal is timely because it is filed within thirty (30) days of service of the Complaint on Defendant.

9.     This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

(a)    . . . Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district or division embracing the place where such action is pending.

(b)    . . .

(1)    In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

(2)    A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441.

10.     Under 28 U.S.C. § 1332 (a), "[t]he district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— . . . (1) citizens of different States".  28 U.S.C. § 1332(a).  Further, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."  28 U.S.C. § 1332(c).

11.     Pursuant to 28 U.S.C. § 1332, federal subject matter jurisdiction exists because (1) all parties are completely diverse from Plaintiff, and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ."  28 U.S.C. § 1332(a)(1).

**A.     Complete Diversity Exists.**

12.     It is undisputed that Plaintiff is an Alabama citizen and defendant WHI is a Georgia citizen.

13.     Further, while Plaintiff names fictitious defendants in the Complaint, the citizenship of any fictitious defendants must be disregarded for purposes of removal.  28 U.S.C. § 1441(b)(1).

14.     Because WHI, on the one hand, and Plaintiff on the other hand, are from different states, the complete diversity prong to establish diversity jurisdiction has been met.

**B.** **The Minimum Jurisdictional Amount in Controversy is Satisfied.**

15.     "[W]hen the complaint seeks damages exceeding $75,000, a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy unless it appears to a legal certainty that the plaintiff cannot recover the amount claimed." Mitchell v. Brown & Williamson Tobacco Corp., 294 F. 3d 1309, 1315 (11th Cir. 2002); Fitzgerald v. Besam Automated Entrance Systems, 282 F. Supp. 2d 1309, 1344 (S.D. Ala. 2003) ("Generally, when a sum certain is stated, whether above or below the federal jurisdictional minimum, that assertion is given great deference . . . .").

16.     Here, Plaintiff specifically seeks a sum certain in the total amount of $800,000.00, more than ten (10) times above the minimum amount to meet the jurisdictional requirement.  Of this amount, Plaintiff seeks $500,000 in compensatory damages.

17.     Plaintiff's valuation of damages must be given "great deference", and it certainly cannot be shown to a legal certainty that Plaintiff cannot recover more than $75,000.00 for his claims of negligence and trespass.   Thus, the minimum jurisdictional amount in controversy prong to establish subject matter jurisdiction is met.

## III.   **OTHER JURISDICTIONAL REQUIREMENTS**

18.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

19.     Defendant has heretofore sought no similar relief.

20.     The United States District Court for the Northern District of Alabama, Eastern Division, is the proper Court to accept jurisdiction over matters removed from the Circuit Court of Calhoun County, Alabama.

21.     All state court process, pleadings and orders have been attached hereto as Exhibit A.

22.     Defendant reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

23.     Defendant hereby notifies the Court that it has provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. § 1446(d). Defendant is also filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Calhoun County, Alabama, as provided by law.

24.     Should any question arise as to the propriety of the removal of this action, Defendant requests the opportunity to submit a brief and present oral argument in support of its position that the case is clearly removable under the

controlling Supreme Court and Eleventh Circuit authority and this Court's diversity jurisdiction, as defined at 28 U.S.C. § 1332.

WHEREFORE, Defendant prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Calhoun County, Alabama, to the United States District Court for the Eastern District of Alabama, Southern Division.

Dated this 24th day of March, 2017.

Respectfully submitted,

*s/Robert E. Battle*

Robert E. Battle ASB 7807 t67r
Adam P. Plant ASB 6324 a64p
Attorneys for Waffle House, Inc.

**OF COUNSEL:**

**BATTLE & WINN LLP**
The Martin Biscuit Building
2901 2nd Avenue South, Suite 220
Birmingham, Alabama  35233
Telephone:  205-397-8160
Facsimile:  (205) 397-8179
E-Mail: rbattle@battlewinn.com
             aplant@battlewinn.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 24th, 2017 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> James M. Sims
> P.O. Box 1123
> Anniston, Alabama 36202
> Email:  jmarsims@bellsouth.net

And, I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: None

> *s/Robert E. Battle*
> OF COUNSEL

# EXHIBIT A

<table>
<tr><td>

State of Alabama
Unified Judicial System

Form ARCiv-93   Rev.5/99

</td><td>

**COVER SHEET**
**CIRCUIT COURT - CIVIL CASE**
(Not For Domestic Relations Cases)

</td><td>

Case
11

Date of Filing:
03/06/2017        Judge Code:

</td></tr>
</table>

ELECTRONICALLY FILED
3/6/2017 12:49 PM
11-CV-2017-900125.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA
### MACK CROOK v. WAFFLE HOUSE, INC

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☑ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
          Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
          Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:  F** ☑ **INITIAL FILING**          **A** ☐ **APPEAL FROM**          **O** ☐ **OTHER**
                                                  **DISTRICT COURT**

**R** ☐ **REMANDED**          **T** ☐ **TRANSFERRED FROM**
                                **OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO     Note: Checking "Yes" does not constitute a demand for a
                                                  jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
SIM065          3/6/2017 12:49:10 PM          /s/ JAMES MARVIN SIMS
                Date                          Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

*EXHIBIT A*

ELECTRONICALLY FILED
3/6/2017 12:49 PM
11-CV-2017-900125.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

# IN THE CIRCUIT COURT FOR CALHOUN COUNTY, ALABAMA

MACK CROOK, JR      *
          *
    **Plaintiffs,**    *
v.          *   **Civil Action Number:**
          *
WAFFLE HOUSE, INC

Defendants X, Y & Z, the true and correct designation of the person or entities responsible for any of the acts or omissions complained of herein;

Plaintiff avers that the identities of the fictitious party Defendants herein are otherwise unknown to Plaintiff at this time or, if their names are known to Plaintiff at this time their identifies as proper party Defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.       *
          *
    **Defendants.**    *

## COMPLAINT

    COMES NOW the Plaintiff and files this Complaint against the Defendant and fictitious parties by saying the following:

    1.    Defendant Waffle House, Inc. is and was at all times herein mentioned, a Georgia corporation doing business in the State of Alabama.

    2.    At all times herein mentioned, Defendant owned and maintained a Waffle House Restaurant at 1530 Quintard Ave, Anniston, Alabama.

    3.    Defendants X, Y & Z, the true and correct designation of the person or entities responsible for any of the acts or omissions complained of herein.

    4.    Plaintiff owns real property at 116 East 16th Street, Anniston, Alabama.

    5.    The Plaintiff owned and possessed, as a part of the above-described property, a well-constructed, clean and orderly building.

    6.    Plaintiff's property is adjacent to Waffle House #1546 at 1530 Quintard Ave., Anniston, Alabama.

    7.    The Defendant has a grease interceptor that is immediately adjacent to the common property line.

*EXHIBIT A*

8. The grease interceptor is a part of the sanitary sewer system of the restaurant.

9. The Defendant's grease interceptor has leaked and continues to leak grease and contaminated fluid from the grease interceptor into the ground near the property line.

10. The combination of grease and sewage has overtime seeped onto and under the foundation of the Plaintiff's building causing physical damage to the Plaintiff's property and loss of use and enjoyment of the property.

11. Defendant had a duty to operate the grease interceptor in a manner to prevent the deposit of grease and sewage on the Plaintiff's property.

## COUNT I- NEGLIGENCE

12. Defendant was careless and negligent in the operation and maintenance of the grease interceptor, in that:

    a. It permitted the grease interceptor to become blocked, deteriorated or otherwise malfunction.

13. Defendant had actual knowledge of the condition of the grease interceptor but negligently and carelessly failed to correct the condition.

14. The careless and wrongful acts of Defendant were the proximate cause of damage to the Plaintiff's real property.

15. As proximate result of the Defendant's negligence, the Plaintiff suffered repair cost, diminution of value of the Plaintiff's real property, inconvenience, emotional distress and mental anguish.

16. Because of the willful and oppressive nature of the Defendant's actions, the Plaintiff claims punitive damages of the Defendant.


**WHEREFORE,** Plaintiff seeks damages against the Defendant of $200,000.00 for the repair and diminution of value of the Plaintiff's real property and inconvenience. Plaintiff seeks $300,000.00 in damages for emotional distress and mental anguish due to the condition of his property. Plaintiff seeks punitive damages of $300,000.00. The Plaintiff such further relief as the Court may deem proper.


Page 2 of 3

*EXHIBIT A*

## COUNT II- TRESPASS

17.    Plaintiff re-adopts and re-alleges the prior paragraphs.

18.    The Defendant has and continues to unlawfully allow waste from the grease interceptor to enter upon the real property of the Plaintiff.

19.    As a proximate result of said trespass by the Defendant, the Plaintiff's real estate was damaged and defaced.

20.    The wrongful acts of the Defendant were the proximate cause of damage to the Plaintiff's real property.

21.    As proximate result of the Defendant's trespass, the Plaintiff suffered repair cost, diminution of value of the Plaintiff's real property, inconvenience, emotional distress and mental anguish.

22.    Because of the willful and oppressive nature of the Defendant's actions, the Plaintiff claims punitive damages of the Defendant.


   **WHEREFORE,** Plaintiff seeks damages against the Defendant of $200,000.00 for the repair and diminution of value of the Plaintiff's real property and inconvenience. Plaintiff seeks $300,000.00 in damages for emotional distress and mental anguish due to the condition of his property.  Plaintiff seeks punitive damages of $300,000.00.  The Plaintiff such further relief as the Court may deem proper.


                                          /s James M. Sims [SIM065]
                                          Attorney for Plaintiff
                                          P.O. Box 1123
                                          Anniston, Alabama 36202
                                          (256) 240-9595
                                          Fax: 1-844-272-0163

*EXHIBIT A*

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>11-CV-2017-900125.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF CALHOUN COUNTY
### MACK CROOK V. WAFFLE HOUSE, INC

WAFFLE HOUSE, INC, C/O CSC-LAWYERS INCORP 150 SOUTH PERRY STREET, MONTGOMERY, AL 36104

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JAMES MARVIN SIMS

WHOSE ADDRESS IS 1302 NOBLE STREET  SUITE 3B, ANNISTON, AL 36201

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☐ Service by certified mail of this summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure

Date   3/6/2017 12:49:18 PM          /s/ KIM MCCARSON

Clerk/Register
25 WEST 11TH STREET
ANNISTON, AL 36201

☐ Certified Mail is hereby requested          _____
                                              Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
                                                                              (Date)

_____                _____          _____
Date                                   Server's Signature                Address of Server

_____                _____          _____
Type of Server                         Server's Printed Name
                                                                         _____
                                                                         Phone Number of Server

*EXHIBIT A*



**AlaFile E-Notice**

11-CV-2017-900125.00

To:  JAMES MARVIN SIMS
jmarsims@bellsouth.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

MACK CROOK V. WAFFLE HOUSE, INC
11-CV-2017-900125.00

The following complaint was FILED on 3/6/2017 12:49:18 PM

Notice Date:     3/6/2017 12:49:18 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

*EXHIBIT A*



**AlaFile E-Notice**

11-CV-2017-900125.00

To: WAFFLE HOUSE, INC
C/O CSC-LAWYERS INCORP
150 SOUTH PERRY STREET
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

MACK CROOK V. WAFFLE HOUSE, INC
11-CV-2017-900125.00

The following complaint was FILED on 3/6/2017 12:49:18 PM

Notice Date:     3/6/2017 12:49:18 PM

Service by sheriff in 03 - MONTGOMERY County

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

*EXHIBIT A*

| State of Alabama<br>Unified Judicial System<br><br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>11-CV-2017-900125.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF CALHOUN COUNTY
### MACK CROOK V. WAFFLE HOUSE, INC

NOTICE TO   WAFFLE HOUSE, INC, C/O CSC-LAWYERS INCORP 150 SOUTH PERRY STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JAMES MARVIN SIMS

WHOSE ADDRESS IS 1302 NOBLE STREET SUITE 3B, ANNISTON, AL 36201

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☐ Service by certified mail of this summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure

Date   3/6/2017 12:49:18 PM      /s/ KIM MCCARSON

Clerk/Register
25 WEST 11TH STREET
ANNISTON, AL 36201

☐ Certified Mail is hereby requested      _____
                                          Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _Letha Moore_
_____ in _Montgomery_ County, Alabama on _3-14-17_
                                                              (Date)
_3-14-17_                    _____     _Montgomery Sheriff_
Date                        Server's Signature     Address of Server

_CSO_                       _Jerome Puell_          _832-1337_
Type of Server              Server's Printed Name

                                                    Phone Number of Server

### 11-CV-2017-900125.00
### MACK CROOK V. WAFFLE HOUSE, INC

C001 - MACK CROOK                     v.   D001 - WAFFLE HOUSE, INC
        Plaintiff                              Defendant

11CV201790012500

WAFFLE HOUSE INC                                         Def



*EXHIBIT A*



**AlaFile E-Notice**

11-CV-2017-900125.00

Judge: SHANNON C PAGE

To:  SIMS JAMES MARVIN
    jmarsims@bellsouth.net

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

MACK CROOK V. WAFFLE HOUSE, INC
11-CV-2017-900125.00

The following matter was served on 3/14/2017

**D001 WAFFLE HOUSE, INC**
**Corresponding To**
SERVED PERSONALLY

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

*EXHIBIT A*

# EXHIBIT B

3/13/2017                                      Calhoun County Parcel Viewer



# **Tax Assessment Report**

Parcel Number: 21-03-05-3-003-003.000                          Tax Year: 2016

Pin Number: 20582

## **Owner Information:**

Owner: CROOK MACK W JR                    Property Address: 116 E 16TH ST

Mailing Address: 148 TIFFANY TRACE

                      ANNISTON, AL 36206

**Value and Tax Information:** Assessed values are subject to change until permanent abstract is printed on September 2017

Current Use Value: $0.00                    Total Appraised Value: $72,620.00

Improvement Value: $43,620.00               Assessed Value: $14,520.00

Land Value: $29,000.00                      Exemption:

2016 Taxes Due: $784.17                     2016 Taxes Paid: $784.17

## **Land Information:**

Lot Dimensions:                             Calculated Acres: 0.13

Tax District: Anniston

## **Legal Description:**

SEC 05 T16S R08E ANNISTON CITY LAND CO BLK 11 PT OF LOTS1 2 & 3 DESC AS BEG 46 N OF SW COR LOT 3 N 14 TO S R/W 16THST NELY ALG SAID R/W 51 S 118.74 W 50 TO POB ANNISTON

Subdivision Name:

Plat Book / Page:

## **Sales Information:**

| Date | Sale Price | Grantee | Deed Book | Deed Page |
|------|-----------|---------|-----------|-----------|
| 8/2005 | $65,000.00 | CROOK MACK W JR | 3065 | 0000617 |
| 6/2003 | $0.00 | CHOCCOLOCCO PROPERTIES LLC | 3034 | 0000923 |
| 8/2005 | $0.00 | CHOCCOLOCCO PROPERTIES LLC (DEED | 3065 | 0000615 |
| 5/2003 | $60,000.00 | CHOCCOLOCCO HOLDINGS LLC | 3034 | 0000383 |
| 3/1986 | $0.00 | GIBBINS GEORGE M | 1655 | 00172 |
| 3/1986 | $0.00 | GIBBINS JANE E | 1655 | 00165 |
| 1/1984 | $0.00 | GIBBINS GEORGE W EST | DD | 00859 |
| 6/1966 | $0.00 | GIBBINS GEORGE W | 1220 | 00054 |

## **Improvement 1**

Class: SERVICE/SHOP (LOW PARTITION)              Total Heated Area: 3262

Value: $43,000.00        Stories: 1

Year Erected: 1966       Actual Age: 39        Year Remodeled: 0        Total Rooms: 2

*EXHIBIT B*        1/2

Calhoun County Parcel Viewer

## Construction Details:

Roof: 100% steel trusses using 100% metal, corrugate
Exterior Walls: 100% brick on masonry
Interior Walls: 100% painted
Flooring: 100% concrete, raised
Heat and Air: fha / ac
Extras: restroom 2 fixture
  Totals                                              0            3282

## Improvement 2

Class: PAVING, ASPHALT, 3 1/2"                          Total Heated Area: 0
Value: $620.00            Stories: 0
Year Erected: 0           Actual Age: 0         Year Remodeled: 0         Total Rooms: 0
  Totals                                              .            0            975



**Calhoun County Disclaimer**
Information is for tax purposes only and not to be used for conveyance.
Copyright © 2017

*EXHIBIT B*

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MACK CROOK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| V. | ) | CIVIL ACTION NO: |
| | ) | |
| WAFFLE HOUSE, INC., et al., | ) | CV _____ |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AFFIDAVIT OF GREGORY J. NEWMAN

**STATE OF GEORGIA**

**COUNTY OF GWINNETT**

**BEFORE ME,** the undersigned authority, personally appeared Gregory J. Newman, who after being first duly sworn under oath, deposes and states as follows:

1.    My name is Gregory J. Newman and I am over the age of twenty-one (21) years.  I currently work at Waffle House, Inc.'s corporate offices in Norcross, Georgia [Gwinnett County].   I am Vice President – Litigation Counsel in the Corporate Legal Department of Waffle House, Inc. ("Waffle House").

2.    I have reviewed the allegations of the Complaint.   All of the statements contained in this affidavit are within my personal knowledge and are true and correct.

*EXHIBIT C*

3.      Waffle House, Inc. is a corporation organized and existing under the laws of the State of Georgia.  Waffle House, Inc. has its principal place of business in Norcross, Georgia.

FURTHER AFFIANT SAYETH NOT

_____
Gregory J. Newman

STATE OF GEORGIA          )
                                              :
COUNTY OF GWINNETT          )

I, Susan S Picklesimer a Notary Public in and for said County in said State, hereby certify that Gregory J. Newman, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of said document, she executed the same voluntarily on the day the same bears date.

Given under my hand and seal, this 24th day of March, 2017.

_____
Notary Public
My Commission Expires: 6/23/2019
[SEAL]

*(Notary seal: SUSAN S. PICKLESIMER, NOTARY PUBLIC, GWINNETT COUNTY · GA, My Comm. Exp. June 23, 2019)*

*EXHIBIT C*